# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| ABDIRASHID MOHAMED AHMED, | Case No. 25-cv-2532 (LMP/ECW) |
| Petitioner, | |
| v. | **ORDER DISMISSING PETITION** |
| PAMELA BONDI, *U.S. Attorney General*;[1] TODD BLANCHE, *Deputy Attorney General*;[2] KRISTI NOEM, *Secretary of Department of Homeland Security*; PETER BERG, *Field Office Director for the Minneapolis Field Office*; and WARDEN, *Freeborn County Detention Center*, | |
| Respondents. | |

Petitioner Abdirashid Mohamed Ahmed, a native and citizen of Somalia, was detained by United States Customs and Immigration Enforcement ("ICE") on May 25, 2025. ECF No. 1 ¶ 11. Ahmed was held in ICE's custody at the Freeborn County Detention Center pending the execution of a final order of removal entered by an immigration judge in June 2021. *Id.* On June 18, 2025, Ahmed filed a habeas petition challenging the legality

---

[1]   Petitioner originally named James McHenry, in his capacity as the U.S. Attorney General, as a Respondent. ECF No. 1. McHenry served as the Acting U.S. Attorney General until Pamela Bondi was confirmed to that position. Accordingly, pursuant to Federal Rule of Civil Procedure 25(d), Attorney General Bondi is substituted in place of McHenry.

[2]   Likewise, Petitioner originally named Lisa Monaco, in her capacity as the "U.S. Attorney General," as a Respondent. ECF No. 1. Monaco was, in fact, the Deputy Attorney General, and Todd Blanche has since been named to that position. Accordingly, Todd Blanche is substituted in place of Monaco.

of his detention.  *See generally id.*  Ahmed sought his immediate release from custody.  *Id.* at 10.

On November 13, 2025, during the pendency of these proceedings, Ahmed was removed from the United States.  ECF No. 11.  Respondents now ask the Court to dismiss Ahmed's habeas petition as moot.  *Id.*

"Article III restricts federal courts to the resolution of cases and controversies." *Huizenga v. Indep. Sch. Dist. No. 11*, 149 F.4th 990, 995 (8th Cir. 2025) (citation omitted). "'When the issues presented are no longer live or the parties lack a cognizable interest in the outcome,' a case or controversy under Article III no longer exists because the litigation has become moot." *Brazil v. Ark. Dep't of Hum. Servs.*, 892 F.3d 957, 959 (8th Cir. 2018) (quoting *Already, LLC v. Nike, Inc.*, 568 U.S. 85, 91 (2013)).  If a case has become moot because of changed circumstances that render effective relief impossible, a federal court "lack[s] jurisdiction and must dismiss the action."  *Glow in One Mini Golf, LLC v. Walz*, 37 F.4th 1365, 1371 (8th Cir. 2022).

Here, Ahmed has been removed from the United States and, consequently, is no longer in ICE's custody.  *See* ECF No. 11.  The Court therefore cannot grant Ahmed the relief he requested.  *See Roberto M.D. v. Garland*, No. 21-cv-1343 (NEB/TNL), 2022 WL 542426, at *1 (D. Minn. Feb. 23, 2022) ("Because Petitioner is no longer in ICE custody, the Court cannot order his release . . . .").  As such, Ahmed's habeas petition is moot and must be dismissed.  *See Estrada-Heredia v. Holder*, No. 12-cv-1157 (SRN/SER), 2012 WL 4839113, at *2 (D. Minn. Sept. 25, 2012) ("Once a [habeas] petitioner has been removed from the United States and deported to his native country, . . . his petition seeking release

from ICE custody becomes moot, as there is no longer a live case or controversy as required by Article III."); *Glow in One*, 37 F.4th at 1371.

## ORDER

Based on the foregoing, and on all the files, records, and proceedings in this matter, **IT IS HEREBY ORDERED** that Ahmed's Petition for a Writ of Habeas Corpus (ECF No. 1) is **DISMISSED WITHOUT PREJUDICE** as moot.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: November 26, 2025         *s/Laura M. Provinzino*
                                Laura M. Provinzino
                                United States District Judge